## KEMP et al. v. MAYER.

No. 14582—Opinion Filed Dec. 18, 1923.

(Syllabus.)

Appeal and Error—Invalidity of Case-Made —Failure to File with Trial Court Clerk.

A case-made filed in this court which does not show that it has been filed in the office of the clerk of the trial court is a nullity, and where such a case-made remains in this court after the expiration of the statutory time in which to perfect an appeal, on motion the appeal will be dismissed.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action between Paul Mayer and Mattie Kemp et al. From the judgment, the latter brings error. Dismissed.

W. H. Twine, for plaintiff in error.

J. G. Ralls, for defendant in error.

COCHRAN, J. Final judgment was rendered in this case on February 7, 1923, from which plaintiff in error appealed to this court by petition in error and case-made. Defendant in error files his motion to dismiss upon the ground that the pretended case-made does not show it has been filed in the office of the clerk of the trial court and that, the statutory period allowed by law having expired in which to bring appeals since the rendition of the judgment or final order appealed from, the case-made cannot be withdrawn for correction. The case-made does not show that it has been filed in the office of the clerk of the trial court, and the statutory six months in which to appeal has expired. In Banks v. Watson, 40 Okla. 450, 139 Pac. 306, the court said:

"A case-made filed in this court which does not show that it has been filed in the office of the clerk of the trial court is a nullity, and where such a case-made remains in this court after the expiration of the statutory time in which to perfect an appeal, on motion the appeal will be dismissed."

The case-made is certified to by the clerk as a transcript, but no errors are assigned which are determinable upon transcript.

No response has been filed.

It is our opinion that the appeal should be dismissed, and it is so ordered.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.