**BERG v. WILLIBEY et al.**

No. 18895. Opinion Filed Sept. 10, 1929.

Glenn O. Young, for plaintiff in error.

Tomerlin & Chandler and Troy Shelton, for defendant in error American Surety Company of New York.

Johnson & Jones, Wayne H. Lasater, and Streeter Speakman, for defendants in error Willibey, Foster and Doolin.

DIFFENDAFFER, C. Plaintiff in error, hereinafter referred to as plaintiff, commenced this action, in her own behalf and on behalf of her minor children, in the district court of Creek county, originally against George R. Willibey and the Ameri-

can Surety Company of New York, as surety on the official bond of Willibey as county commissioner of Creek county, to recover damages for the alleged wrongful death of Will Berg.

The petition was afterwards amended so as to include Carlos E. Foster and Wallace Doolin, the other two members of the board of county commissioners, and still later amended so as to include the board of county commissioners, as such, as parties defendant.

The amended petition, after formal allegations showing that defendants Willibey, Foster, and Doolin were the duly elected, qualified, and acting county commissioners of Creek county, and that defendant American Surety Company was the surety on the official bond of defendant Willibey, and showing that plaintiff was the widow of Will Berg, deceased, and setting out the names and ages of the minor children, alleged that Will Berg died intestate, and that no administrator or executor of his estate had been appointed. The amended petition then alleged:

"(4) That at the time hereinafter mentioned the defendants George R. Willibey, Carlos E. Foster, and Wallace Doolin were engaged in, and had undertaken as part of their official duties as such commissioners, the laying out, opening, and construction of a public road near Sapulpa in district No. 1, Creek county, Okla.; and that the said Will Berg was employed by, and under the supervision and direction of, the said defendants as a laborer, and in said capacity was engaged in working for the defendants in the execution of said project.

"(5) That in the opening and laying out of said road, the defendants George R. Willibey, Carlos E. Foster, and Wallace Doolin, acting by and through their duly appointed employees and agents, one Mat Shoptaw, and others in lawful authority over the aforesaid Will Berg, carelessly and negligently instructed and directed the said Will Berg to enter and work in an excavation upon said public road; that said excavation was at the time in a dangerous and unsafe condition; that an immense embankment of earth and stone extended over and above the aforesaid Will Berg, which embankment was carelessly and negligently left unsupported. and in such condition that the lives of workmen there under were endangered by the defendants George R. Willibey, Carlos E. Foster and Wallace Doolin, county commissioners aforesaid.

"(6) That the defendants George R. Willibey, Carlos E. Foster, and Wallace Doolin carelessly and negligently engaged and employed other workmen for the purpose of

drilling and preparing to blast away said embankment of earth and stone; that defendants George R. Willibey, Carlos E. Foster, and Wallace Doolin also carelessly and negligently failed to provide competent and trained contractors and supervisors to oversee and direct their employees in the opening and laying out of said roadway; that on the 12th day of November, 1924, while the said Will Berg was engaged in said work as aforesaid, and in the exercise of all due and proper care, and without knowledge of the unsafe condition of said excavation, the aforesaid agents and employees of the defendants George R. Willibey, Carlos E. Foster, and Wallace Doolin, acting under their orders and instructions, and under the orders and instructions of their foreman and agents, began digging upon said embankment with shovels, picks, and rock drills for the purpose of loosening the same; that they did loosen said embankment, and caused the same to fall with great force and violence upon him, the said Will Berg, that as a result thereof, he received injuries from which he died on November 12, 1924."

The prayer was for damages in the sum of $25,000.

The amendment to the amended petition by which the board of county commissioners was sought to be charged, after adopting all the allegations of the amended petition, alleged:

"That the defendants George R. Willibey, Carlos E. Foster, and Wallace Doolin were, at the times complained of in plaintiff's amended petition, the duly elected, qualified and acting commissioners of Creek county, state of Oklahoma, and as such constituted the board of county commissioners thereof. Plaintiff further alleges that in all the acts complained of in plaintiff's amended petition, they were the official agents of the county of Creek, state of Oklahoma.

"Wherefore, plaintiff by this amendment includes and designates the board of county commissioners of Creek county, state of Oklahoma, as a defendant herein, and prays that judgment be rendered against the board of county commissioners of the county of Creek, state of Oklahoma, jointly with the defendants named in said amended petition, for the causes, and the amount therein set forth, as fully and to the same extent as though it had originally been named a defendant herein."

Separate demurrers to the amended petition were filed and overruled prior to the filing of the amendment to the amended petition bringing in the board of county commissioners.

The board of county commissioners filed no demurrer, but when the cause was called for trial and after the opening statement of plaintiff's counsel, the board of county commissioners, by the county attorney, filed a motion to dismiss in the nature of an objection to the introduction of any evidence, upon the grounds that the amended petition as amended failed to state a cause of action against the board of county commissioners.

This objection was sustained and the cause dismissed as to the board of county commissioners. To this order no exceptions were saved, and no appeal is taken from this order. Thereupon defendants Willibey, Foster, and Doolin moved to dismiss as to them for the reason:

"That in the petition the plaintiff alleges that all of the acts of the defendants complained of were done in their official capacity, and therefor acting as agent for the county, and for that reason they are not liable as individuals."

Defendant surety company then objected to the introduction of any evidence upon the grounds:

"That the plaintiff's amended petition as amended does not state facts sufficient in law, if proven, to warrant recovery against the defendant American Surety Company."

The motions and objections were sustained and the cause dismissed.

Plaintiff filed a motion for new trial, which was overruled. From the order dismissing as to defendants Willibey, Foster, and Doolin, and the American Surety Company, and the order overruling her motion for new trial, plaintiff brings this appeal.

Defendants first present a motion to dismiss the appeal upon the grounds that the board of county commissioners of Creek county is not made a party to the appeal; that no notice of appeal was given as to it; no motion for new trial as to such defendant was filed, and no case-made was served upon it.

In support of the motion to dismiss, defendants cite a number of cases from this court, including Komalty v. Cassidy-Southwest Commission Co., 62 Okla. 81, 161 Pac. 1061; Houghton et al. v. Sealy et al., 129 Okla. 168, 264 Pac. 140. These cases hold, in effect, that:

"If a party in the trial court can, by a reversal or modification of the judgment appealed from, be, in any way, affected, he is a necessary party to the appeal; and, in case such person is not made a party in the appellate court, the appeal should be dismissed.

It has been held, however, that where a

party gives notice in open court of intention to appeal, and causes such notice to be entered upon the trial docket, all the parties who had appeared are thereby automatically made parties to the appeal, whether mentioned in the petition in error or not. Mires v. Hogan, 79 Okla. 233, 192 Pac. 811.

Section 785, C. O. S. 1921, requires that a case-made or a copy thereof be served upon the opposite party or his attorney. In re Estate of Wah-Shah-She-Me-Tsa-He, 111 Okla. 177, 239 Pac. 177. The expression "opposite party" is held to mean all parties who have an interest in upholding the decree sought to be reversed.

In the instant case, we fail to see wherein the board of county commissioners as such can have an interest in upholding the judgment appealed from. The county cannot be affected one way or the other. The county was not a proper party in the first instance, and in no event can it become liable for the negligence of its officers in the performance of their duties. This is the rule in all but a few jurisdictions. See 15 C. J. 568, and cases therein cited.

The motion to dismiss the appeal is without merit and should be, and is hereby, denied.

The trial court in sustaining the motion of defendants to dismiss treated the motion as an objection to the introduction of any evidence. In its ruling it held:

"Gentlemen, it seems to me, the county not being liable, then its agents cannot be held liable. It seems to me that the board of county commissioners, acting as a board of county commissioners, is in a way a judicial body. It is their duty to supervise these roads and the construction of the roads, and to hire and employ men to perform the work and that when they are once employed by the board of county commissioners, then they become agents, not of the county commissioners, but of the county. I think the motions are good and should be sustained, and the motions will be sustained."

That portion of the ruling which holds that because the county is not liable, its agents cannot be held liable, is perhaps too broad an expression as there are many cases which hold that officers of a municipal corporation may be held liable individually for negligence in the performance of a purely ministerial duty, although the state or political subdivision thereof which selects him and which he represents may not under the law be liable for his negligence. Mott v. Hull. 51 Okla. 602, 152 Pac. 92; Strong v. Day,

61 Okla. 166, 160 Pac. 722. However, we have carefully examined the amended petition of plaintiff, and conclude that the same does not state a cause of action against the members of the board of county commissioners, as individuals.

It will be observed that the petition, as amended, charges that defendants Willibey, Foster, and Doolin, in "opening" and "laying out of the road," were acting by and through their duly appointed employers and agents, one Mat Shoptaw and others, in lawful authority over said Berg, who carelessly and negligently instructed and directed said Will Berg to enter and work in an excavation upon said public road, which excavation was at the time in a dangerous and unsafe condition in that an embankment of earth and stone extended over and above the said Will Berg, which embankment was carelessly and negligently left unsupported by defendants Willibey, Foster, and Doolin, county commissioners aforesaid. It further charges that on November 12, 1924, while said Will Berg was thus engaged in said work, the agents and employees of defendants, acting under their orders and instructions and the orders and instructions of their foreman and agents, began digging upon said embankment with shovels, picks, and drills for the purpose of loosening same; that they did loosen same so as to cause it to fall upon and injure said Berg, causing his death.

There is no allegation that defendants, or either of them, was personally in charge of the work, as was the case in Mott v. Hull, supra, or that they or either of them had personal knowledge of any of the conditions that existed and by which the injuries were caused. The petition in fact charges that the acts done and performed were done by employees of the county. While the petition charges that those in charge of the work, and who directed deceased to enter the works at the time and place when and where he was injured, were agents and employees of the defendants, yet the petition shows that defendants were county commissioners, and that the work was being done for the county. It was upon the theory that those whose alleged negligence caused the injury were agents of the county that plaintiff sought to hold the county liable.

In Dillon on Municipal Corporations (5th Ed.) vol. 1, sec. 439, the following rule is stated:

"The officers of a municipal corporation are not liable for errors or mistakes of judgment in the performance of acts with-

in the scope of their authority as to which they are empowered to exercise judgment and discretion in the manner of their performance, in the absence of malice or corruption or a statutory provision imposing the liability."

The text is supported by decisions cited from many jurisdictions. So that any acts done in connection with laying out the public road would be an act calling for the exercise of judgment and discretion, for which, in the absence of malice or corruption or a statutory provision, defendants would not be liable.

The question then arises, Are the members of the board of county commissioners liable for the negligence of those employed by them in carrying on public work? Dillon on Municipal Corporations (5th Ed.) vol. 1, p. 776, sec. 442, states the rule as follows:

"Public and municipal officers are not individually responsible for the negligence of those whom they are obliged to employ in the discharge of their duties in the execution of public works or otherwise. Such employees are not their servants, and the rule respondeat superior does not apply to charge them with responsibility for the acts of employees."

In McKenna v. Kimball, 145 Mass. 555, a case wherein damages were sought to be recovered from the members of a school committee for negligence of one employed by them to fell a tree standing upon the school grounds, it was said:

"The defendants were not themselves negligent, and, if their vote was an official act, they are not responsible for the negligence of those whom they employed in carrying it out. The doctrine of respondeat superior is founded on the supposed benefit to the master of the act of the servant, and does not apply to a public officer employing agent in the discharge of a public duty."

In 22 R. C. L. 487, sec. 166, the rule is stated as fo'lows:

"Public officers and agents of the government are not liable for the acts or defaults, negligence or omissions of subordinate officials in the public service, whether appointed by them or not, unless they direct the act complained of to be done, or personally cooperate in the negligence from which the injury results."

In Robertson v. Sichel, 127 U. S. 507, 32 L. Ed. 203, it was held:

"A public officer * * * is not responsible for the misfeasances or positive wrongs, or for the nonfeasances or negligences or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties."

There is no allegation that Shoptaw, who it is alleged negligently directed deceased to enter and work in the excavation, was not competent, and there is no allegation that defendants, or either of them, was personally present and participated in the work.

The original petition contained allegations which, in effect, charged that Shoptaw and other foremen employed by defendant Willibey were grossly incompetent to the knowledge of Willibey, and that they were negligently, willfully and carelessly employed by him to supervise said work. But when the amended petition was filed, and by which Foster and Doolin were made parties defendant, these allegations were wholly omitted, and were not referred to or adopted in any manner in the amended petition. The amended petition was a substitute for the former pleading. It is held as settled law in this state that:

"Where an amended pleading is filed as a substitute for the other pleading, or filed without expressly adopting the original pleading, the allegations of the prior pleading, except as repeated in the amended pleading are wholly abandoned, and no reference whatever can be made to the original pleading in determining whether or not a demurrer should be sustained to the pleading in its amended form." Owens v. State ex rel. Mothersead, 133 Okla. 182, 271 Pac. 938, and cases therein cited.

We therefore conclude that the amended petition as amended did not state a cause of action against either of the members of the board of county commissioners as individuals, and that there was no error in sustaining their objection to the introduction of any evidence.

It follows that the order sustaining the objection of defendant American Surety Company was not error.

The judgment should be, and is hereby, affirmed.

BENNETT, HERR, HALL, and JEFFREY, Commissioners, concur.

By the Court: It is so ordered.