## HAZLETT v. BOARD OF COM'RS of MUSKOGEE COUNTY et. al.

No. 21973.    May 22, 1934.

Leahy & Brewster and Kelly Brown, for plaintiff in error.

Phil K. Oldham, County Attorney, Earle Boyd Pierce, Asst. County Attorney, Benj. & Richard Martin, C. A. Summers, and Bower Broaddus, for defendants in error.

RILEY, C. J. Plaintiff in error commenced this action against the board of county commissioners of Muskogee county, C. R. Hinson, Irvin Blanchard, and A. T. Ingram, the members thereof, as individuals, and one Matt Peterson, an employee of the board of county commissioners, to recover damages for personal injuries.

The petition, after alleging the corporate character of the county, etc., alleged in substance that on or about October 6, 1928, plaintiff in going from her home in Muskogee to a nearby market, while going south across Muskogee avenue, observed a truck which was being driven by defendant Peterson. It was approaching from the east along said avenue at a high rate of speed; that she proceeded on and across the street and onto the sidewalk about eight feet from the curb, at which point she was struck by said truck, which had left the highway and been driven up over the curbing across the parking and onto the sidewalk, whereby she was knocked to the ground with great force, causing great bodily injury; that immediately upon striking plaintiff the truck stopped and emitted a large amount of boiling water, severely scalding plaintiff so as to cause large portions of skin and flesh to fall off her body, as a result of which she was confined to a hospital for a period of about one month and to her home for about five months thereafter, during all of which time she suffered great pain and as a result of which she was permanently injured and disfigured. She alleged negligence on the part of defendants as causing her injuries as follows:

"(A) That said defendants were driving and operating said truck at a high and excessive rate of speed, greater and faster than that permitted by the ordinances of the city of Muskogee, Okla., in driving a car upon the street above mentioned.

"(B) That the defendants were negligent in operating said truck in that they drove the same on the south side of the street in going west and on the left side of the highway running along said street and that, further, said defendants drove said truck off said highway and upon the parking of the sidewalk where said plaintiff was struck.

"(C) That defendants were further negligent in that they were operating said truck without adequate brakes or stopping facilities, and that the defendants and each of them knew that said car was not equipped for driving on said highway at the rate of speed it was being driven; and that defendants were further negligent in operating said truck at an excessive rate of speed knowing that said truck was old, worn, and out of condition, and was heating to such an extent that the cooling system caused the water in the radiator to boil over when the truck stopped, as happened when said truck struck this plaintiff."

And:

"Your petitioner shows that at the time of said accident Matt Peterson was employed by the defendant board of county commissioners and was acting within the scope of his employment. That at the time of said accident, the defendants, board of commissioners and the said Matt Peterson, were not engaged in any of the governmental functions and that said defendant Matt Peterson was not at the time directed upon any mission of a governmental nature. But that said defendant board of county commissioners were engaged and acting as a private corporation, and the said defendant Matt Peterson was engaged in special duties by and with the consent and at the direction of the defendant board of county commissioners.

"Plaintiff further states that the defendant · board of county commissioners, as a board and individually, and the defendant Matt Peterson well knew or could have known by the exercise of ordinary and reasonable care of the unsafe and defective condition of said truck; that it was old and dilapidated; that the cooling system was defective and that the defendant board of county commissioners knew of the careless and reckless manner in which the said Matt Peterson operated said truck, and knowing of his reckless manner, continued him in their employment, using said defective machinery as above set forth and placing said truck in his possession for the performances of the special services of the defendant board, knowing that the plaintiff and all other persons using the highway of the county and streets of the city were being placed in danger by the using of such machinery and by the operation of such careless, negligent, and reckless driving.

"V. This plaintiff further shows that there was a fund appropriated by the excise board of Muskogee county, Okla., for the purpose of repairing the machinery owned and operated by the county and that there was on hand in said fund at the time of said accident and for a long period of time prior thereto sufficient funds to repair said truck and put the same in a usable and safe condition. That said defendants C. R. Hinson, Irvin Blanchard, and A. T. Ingram are personally liable herein for the injury caused this plaintiff by reason of the fact that they willfully, carelessly, and negligently neglected the duties of their office in that, knowing of the defective equipment being used by the said employee, Matt Peterson, and knowing further of his reputation as a careless and reckless driver, and knowing further that there was funds available for the repair of said truck, they continued said truck in use in the hands of the said Matt Peterson in the performance of the special duties aforesaid, and placing a dangerous instrumentality in his hands at the peril of the public and particularly this plaintiff."

The defendant board of county commissioners, by the county attorney, filed its separate demurrer, and each of the defendant members of the board of county commissioners, as individuals, by other counsel, filed separate demurrers. These separate demurrers were all sustained, and plaintiff declining to plead further, the action was dismissed as against said defendants, and plaintiff appeals.

Plaintiff contends that the court erred in sustaining the separate demurrer of the county, and that the court erred in sustaining the separate demurrers of each of the members of the board as individuals. She states in her brief that the question of lia-

bility of a county and the members of the board as individuals has been before this court on numerous occasions and that plaintiff is not unmindful of the many decisions of this court exempting a county from liability in such actions.

It has been uniformly held that a county is not liable for damages caused by the negligence of the board of county commissioners, its members, or one employed by the board in carrying on the work of the county.

It is suggested that the facts alleged in plaintiff's petition are different from the facts in any of the cases which have been before this court, and our attention is specifically called to the provisions of sections 5085 and 5091, C. O. S. 1921, which provide:

"Every person is bound, without contract, to abstain from injuring the person or property of another, or infringing upon any of his rights."

"Everyone is responsible, not only for the result of his willful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has willfully or by want of ordinary care brought the injury upon himself."

It is suggested that the provisions of these sections have not heretofore been considered in such cases. The provision of section 6, art. 2, of the Constitution of Oklahoma, which provides: "The courts of justice of the state shall be open to every person, and speedy and certain remedy afforded for every wrong and for every injury to person, property or reputation; and right and justice shall be administered without sale, denial, delay or prejudice," may also be considered in connection with the above sections of the statute.

It is well settled in this state that counties and townships are merely quasi municipal corporations charged by law with certain governmental and administrative functions as state agencies, and as such are not liable in damages for the negligence of the board of county commissioners or township officers, or those they are obliged to employ in carrying on such functions. Board of Com'rs of Seminole County v. Barker, 119 Okla. 206, 249 P. 296; Howard v. Rose Township, 37 Okla. 153, 131 P. 683; Board of Com'rs of Stephens County v. Hancock, 96 Okla. 238, 221 P. 429; Welker v. Annett, 44 Okla. 520, 145 P. 411; Whiteneck v. Board of Com'rs of Woods County, 89 Okla. 52, 213 P. 865.

Sections 5085 and 5091, supra, have been

in force in this state since statehood, and were likewise in force in the territory of Oklahoma from 1890 to statehood, and doubtless have often been considered in connection with actions against counties and townships. Except in a few jurisdictions, Maryland and Hawaii, it is the rule that counties are not subject to liability for torts in the absence of a statute which either expressly or by implication imposes such liability. 15 C. J. 568.

The rule as to counties is stated in 71 R. C. L. 954, 955, as follows:

"* * * The law is well settled that counties, being organized for public purposes, and charged with the performance of duties as an arm or branch of the state government, are never to be held liable in private action for neglect to perform a corporate duty, or for acts done while engaged in the performance of such duties, or because they are not performed in a manner most conducive to the safety of its employees or the public, unless such liability is expressly fixed by statute. The rule is dictated by public policy, and the fact that counties are declared by statute to be municipal corporations does not change it in the absence of anything in the statute imposing any additional liability."

Neither section 5085 nor section 5091, supra, expressly or by implication imposes liability upon the county in such cases.

In Templeton v. Linn County (Ore.) 29 P. 795, the Supreme Court of Oregon had under consideration an action against a county to recover damages resulting from a defect in a highway. Before the injuries there involved were received, that state had in force a statute providing for an action against a county in such case. The statute had been in force in the territory at the time the Constitution was adopted and for sometime thereafter, but had been repealed. The Constitution of Oregon had a provision very similar to the one in section 6, art. 2, of our Constitution. The provision in the Oregon Constitution was "Every man shall have a remedy by due course of law for injury done him in person, property or reputation."

It was held in that case that this provision did not operate so as to prevent the Legislature from repealing the statute which had formerly expressly provided for an action against the county in such cases. It was also held that notwithstanding the constiutional provision the county was not liable.

As a general proposition it may be said that in cases arising out of the negligence of officers or employees of a county it is not the negligence of the county, but that of the officer or employee. It is to such officers and employees that sections 5085 and 5091, supra, and section 6, art. 2, of the Constitution apply. Section 6, art. 2, Constitution, does not purport to provide a right of action ex delicto against the county. If said section authorizes an action of such nature against the county, it would authorize a like action against the state, and it has never been claimed by anyone, until recently, that the state may be sued without consent thereto being properly given by the Legislature.

We see no occasion for departing from the long established rule in this state.

It is next contended that the court erred in sustaining the demurrers of the members of the board of county commissioners as individuals. As to that part of the petition seeking to hold the individual members of the board liable for the negligence of their employee, Matt Peterson, the question is settled adversely to the contention of plaintiff in Berg v. Willibey et al., 138 Okla. 110, 280 P. 456, wherein it is held:

"Public and municipal officers are not individually responsible for the negligence of those whom they are obliged to employ in the discharge of their duties in the execution of public works. Such employees are not their servants, and the rule respondeat superior does not apply to charge them with responsibility for the acts of employees."

The allegations relative to failure to keep the truck in repair, though ample funds were available for that purpose, are wholly insufficient to charge the members of the board of county commissioners with negligence in that the petition does not allege that the truck in question was the property of the county. If it was not the property of the county, certainly the board of county commissioners was under no duty to the county, the public, or any individual to keep it in repair by the use of county funds. Furthermore, it will be observed that plaintiff alleges in her petition that at the time of said accident the defendants, the board of county commissioners and Matt Peterson, were not engaged in any governmental function and that Peterson was not at that time directed upon any mission of a governmental nature, but that said board of county commissioners was engaged in acting as a private corporation, and that defendant Peterson "was engaged in special duties by and with the consent and at the direction of the defendant board of county commissioners."

The nature of the work of engagement as

"a private corporation" is not stated. The petition does not allege that Peterson was on a private mission rendering any special services as and for the county or the members of the board of county commissioners as individuals. In this regard the petition did not state a cause of action against either the board of county commissioners, or the individual members thereof. How the board could be acting as a board and at the same time acting as a private corporation does not appear.

The petition does allege that the board of county commissioners, as a board and individually, well knew, or could have known by the use of ordinary care, of the unsafe and defective condition of said truck; that it was old and dilapidated; that the cooling system was defective, and that the board of county commissioners knew of the careless and reckless manner in which the defendant Matt Peterson operated said truck, and, knowing of his reckless manner, continued him in their employ and using said defective machinery; that plaintiff and all persons using the highway of the county and the streets of the city were being placed in danger by the use of such machinery; that "said defendants C. R. Hinson, Irvin Blanchard, and A. T. Ingram are personally liable for the injuries caused plaintiff by reason of the fact that they willfully, carelessly, and negligently neglected the duties of their office in that, knowing of the defective equipment being used by said employee, and knowing further of his reputation as a careless and reckless driver, they continued said truck in use in the hands of the said Matt Peterson in the special duties aforesaid."

Defendants cite Consolidated School Dist. No. 1, Tulsa County, v. Wright, 128 Okla. 193, 261 P. 953, as sustaining the order of the trial court as to the members of the board as individuals. It is true that it was there, as well as in the later case of Wright v. Consolidated School Dist. No. 1, Tulsa County, 162 Okla. 110, 19 P. (2d) 369, held that neither the school board nor the individual members thereof were liable in damages caused by the negligence of its officers, agents, or employees in the control or operation of its motor truck in furnishing free motor transportation to pupils of such school, where they acted in good faith and without malice.

The exemption of public officers for the acts and defaults for those employed by or under them in the discharge of their public duties is allowed in a great measure from consideration of public policy. 22 R. C. L. 488.

The same authority says that they are not liable "unless they direct the act complained of to be done or personally co-operate in the negligence from which the injury results. If the subordinates have been appointed by them, it is sufficient if they have employed trustworthy persons of suitable skill and ability and have not been negligent in selecting such subordinates." 22 R. C. L. 487.

The general rule to the same effect is stated in 46 C. J. 1045, as follows:

"The doctrine of respondeat superior applicable to the relation of master and servant does not apply to a public officer so as to render him responsible for the acts or omissions of subordinates whether appointed by him or not, unless he, having the power of selection, has failed to use ordinary care therein, or unless he has been negligent in supervising the acts of such subordinates, or has directed or authorized the wrong."

In City of Richmond v. Long's Adm'rs (Va.) 94 Am. Dec. 461, it is held:

"Public officers of government are not liable, in performance of their public functions, for the misconduct, negligence or omissions of their official subordinates. But they are responsible for their own acts in the abuse or transgression of their authority, or in default of proper and reasonable care in the choice of their agents, or in the superintendence of them in the discharge of their allotted duties."

In Central Railroad & Banking Co. v Lampley, 76 Ala. 357, it is said:

"It is conceded that a public officer is liable for his own misconduct or negligence and for the misconduct or negligence of his subordinates, where he is invested with their selection or appointment, and from carelessness or unfaithfulness appoints incompetent or untrustworthy persons."

In Wiley v. Harrison et al., 105 Okla. 280, 232 P. 816, 38 A. L. R. 1408, this court held:

"A petition which alleges that a city manager, vested with the sole power of appointing, retaining, and discharging policemen for a city, willfully and wantonly appointed an unfit and incompetent person as policeman, and that as a proximate result thereof the plaintiff was injured, states a cause of action against such manager."

In the body of the opinion it is said:

"The first amended petition in this case alleged that the defendant Harrison appointed an incompetent and unfit person for policeman, that he knew at the time he made said appointment that said appointee was an incompetent and unfit person for such position, and that as a proximate result of the

willful appointment of such person the plaintiff suffered the damages complained of, and it stated a good cause of action against the defendant Harrison."

For the purpose of the demurrer all of the material allegations of the petition must be taken as true. We are not presented with motion to strike and we are not now determining what portion of the petition is material and what is not. There is a decided distinction between the allegations of the petition here under consideration and those of the Wright Cases, supra. Here the allegations are sufficient to charge a want of good faith on the part of the defendants in the selection and continuing in their employ, defendant Peterson, and in directing him to use the defective truck. If all the allegations of the petition be true, it would seem impossible that the defendants could have been acting in good faith. We conclude that it was error to sustain the demurrer of the individual members of the board of county commissioners as and in their individual capacities.

The judgment is affirmed as to the county and board of county commissioners as such, and reversed and remanded as to the individual defendants for further proceedings.

CULLISON, V. C. J., and SWINDALL, McNEILL, and BUSBY, JJ., concur.

OSBORN, BAYLESS, and WELCH, JJ., dissent. ANDREWS, J., not voting.