CHICAGO, ROCK ISLAND AND PACIFIC RAILROAD COMPANY, a railroad corporation, Plaintiff in Error,

v.

The BOARD OF COUNTY COMMISSIONERS OF the COUNTY OF STEPHENS, State of Oklahoma, Jack Davis, W. A. Chadwick and Vernon Dunn as County Commissioners of the County of Stephens, Defendants in Error.

No. 40301.

Supreme Court of Oklahoma.

Feb. 4, 1964.

John A. Johnson of Savage, Gibson, Benefield & Shelton, Oklahoma City, for plaintiff in error; Jack R. Lawrence, of counsel.

Clinton D. Dennis, County Atty., of Stephens County, Leach & Sullivan, by Paul D. Sullivan, Duncan, for defendants in error.

HALLEY, Vice Chief Justice.

Parties occupy the same position here as below and will be referred to as plaintiff and defendants. This is a suit against Stephens County.

The plaintiff's petition pleaded that it was a railroad company and that the defendant County Commissioners and its agent, servant and employee, Lewis Williams, were negligent in several particulars but the crux of its charges were that Lewis Williams drove a tractor pulling a dirt-loading road packer on the tracks of plaintiff in Marlow, Oklahoma, and was unable to get the road packer off the tracks of the plaintiff in time for it to avoid being struck by one of plaintiff's freight trains; that as a result of the collision the plaintiff's train was seriously damaged along with damage to the tracks and other items set out in the petition.

The plaintiff's petition is quite comprehensive and if a County in Oklahoma were liable in tort for the negligence of its officers, servants or employees states a cause of action. The question here is "Is a County in Oklahoma liable for the wrongful and negligent acts of its officers or employees in the performance of their public duties?" In spite of the very able brief of plaintiff's we answer the question in the negative.

The plaintiff does not contend that the Legislature has authorized its suit or that Stephens County carried liability insurance that would cover the loss in this case.

The plaintiff desires that we overrule our decisions in which we have held counties immune from liability for the wrongful or negligent acts of its officers, servants and employees.

Counties were held to be immune from tort actions even by a territorial Supreme Court in James v. Trustees of Wellston Township, 18 Okl. 56, 90 P. 100, 13 L.R.A., N.S., 1219. This involved a township but the law laid down therein was applicable to a county. We have expressly held it was applicable to a county in Board of Commissioners of Harmon County v. Keen, District Judge, 194 Okl. 593, 153 P.2d 483; Hazlett v. Board of Com'rs of Muskogee County et al., 168 Okl. 290, 32 P.2d 940; Board of Commissioners of Stephens County v. Hancock, Adm'r, 96 Okl. 238, 221 P. 429. See also Whiteneck v. Board of Com'rs of Woods County, 89 Okl. 52, 213 P. 865.

The Legislature is aware of this problem for in 1953 it passed an Act providing for the purchase of liability insurance by the

governing board or body of any county, city, town or school district owning motorized movable equipment and operating same on the highways. See Laws 1953, Title 19, p. 66, Section 1. This was amended in 1959 (Title 11, p. 34, Section 1) to apply also to soil conservation districts and the Act as amended is 11 O.S.1961 § 16.1, and is as follows:

"The governing board or body of any county, city, town, school district or soil conservation district owning motorized movable equipment and lawfully operating or moving the same upon any highway, road, street or alley is hereby authorized to and may, at its option, purchase insurance for the purpose of paying damages to persons sustaining injuries or damages to their properties proximately caused by the negligent operation of motor vehicles or motorized equipment in the course of their operation as such. When the operation of said motor vehicles or motorized equipment is a public governmental function, no action for damages shall be brought against any county, city, town, school district or soil conservation district owning and operating such motor vehicles or motorized equipment under the provisions of this Section, but may be brought against the insurer, and the amount of damages recoverable shall be limited in amount to that provided in the contract of insurance between the county, city, town, school district or soil conservation district owning such motor vehicles or motorized equipment and the insurer, and shall be collected from the said insurer only. No public monies shall be paid for premiums, renewals or extensions of such contract of insurance until such contract of insurance shall have been filed in the office of the Court Clerk of the county wherein such municipality or subdivision is located."

Clearly our Legislature has in no way intended to change the rule of this law which has been extant in this State for all these years.

We decline to depart from our position on this question. The immunity of a County in Oklahoma from liability in tort as in this case is something that must be lived with.

Judgment of the trial court is affirmed.

BLACKBIRD, C. J., and DAVISON, JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.