Counties — Liability Insurance — Purchase 1. The Boards of County Commissioners of the various counties may not purchase, with public monies, contracts of insurance for general public liability covering the Courthouse and premises, county barns and premises, public parking lots, etc., under the management of said Boards. 2. The Boards of County Commissioners, either as Boards or singularly, may not purchase, with public monies, public liability insurance covering the performance of their general duties to the general public. The Attorney General has had under consideration your request for an opinion wherein you ask: "1. May the Board of County Commissioners of the various counties purchase with public monies contracts of insurance for general public liability covering the Courthouse and premises, county barns and premises. public parking lots, etc., under the management of the Boards? "2. May, also, this public liability insurance be extended to the Board of County Commissioners as a board and singularly in the performance of the general duties to the general public?" It is a well recognized principle of law, as stated in the eleventh paragraph of the syllabus of Shaw v. Grumbine,137 Okl. 95, 278 P. 311 (1929), that: "Public officers have only such authority as is conferred upon them by law, and such authority must be exercised in the manner prescribed by law." See also, Brown v. State Election Board, Ok 1.,369 P.2d 140 (1962). O.S.L. 1965, ch. 499, Section 1 (11 O.S. 16.1 [11-16.1]), provides in pertinent part: "The governing board; . . of any county, . . . is hereby authorized to and may, at its option, purchase insurance for the purpose of paying damages to persons sustaining injuries or damages to their properties proximately caused by the negligent operation of motor vehicles or motorized equipment in the course of their operation as such." This is the only statute authorizing the purchase of such insurance by a Board of County Commissioners, and it is pointed out in order to cover the "etc." in your first question. In the syllabus of Chicago, Rock Island 
Pacific Ry. Co., v. The Board of County Commissioners of the County of Stephens, Okl., 389 P.2d 476 (1964), the Court held: "In absence of a statutory or a constitutional provision creating liability therefore, a county is not liable for damages resulting from wrongful or negligent acts or omissions of its officers or employees in the performance of their public duties." See also, Hazlett v. Board of Commissioners of Muskogee County, 168 Okl. 290,32 P.2d 940 (1934). There are no statutory or constitutional provisions creating the liabilities about which you ask, nor is there any such authority to purchase insurance covering such liabilities. Therefore, such general public liability insurance would be of no value and serve no purpose relative to a Board of County Commissioners in this state. This is in conformity with a prior Attorney General's Opinion dated December 23, 1957, addressed to G. L. Cross, President, University of Oklahoma, in which it was held that the Board of Regents of the University of Oklahoma did not have legal authority to expend University funds for the purchase of liability insurance to protect the State of Oklahoma, the University of Oklahoma, or the Board of Regents of the University of Oklahoma from claims for bodily injury and/or death which may result from its operations. That opinion is enclosed for your consideration. Attorney General Opinion No. 69-203 held that a county commissioner may not act singularly in the performance of his duties, and only the Board of County Commissioners has statutory power and authority to act. A copy of that opinion is enclosed. It is, therefore, the opinion of the Attorney General that your first question be answered in the negative, in that the Boards of County Commissioners of the various counties may not purchase, with public monies, contracts of insurance for general public liability covering the Courthouse and premises, county barns and premises, public parking lots, etc., under the management of said Boards. It is the further opinion of the Attorney General that your second question should also be answered in the negative, in that the Boards of County Commissioners, either as Boards or singularly, may not purchase, with public monies, public liability insurance covering the performance of their general duties to the general public. (Robert D. McDonald) ** SEE: OPINION NO. 91-579 (1991) ** ** SEE: OPINION NO. 69-220 (1969) **