CITY COUNCILMAN — VOTING
A city councilman may not be held liable for damages based upon the way in which he votes upon a particular matter in the absence of fraud or corruption, or unless he acts without authority of law. 11 O.S. 676 [11-676] (1971). A writ of mandamus is not available as a remedy to compel a city councilman to perform any particular action unless the act required of the city councilman is one of a purely ministerial nature which is imposed upon him by law and which does not require the exercise of any discretion upon his part. The Attorney General is in receipt of your letter wherein you ask: "Whether a city councilman in a charter type government can be held liable for damages based upon the results of his vote or in the alternative be forced by a writ of mandamus to direct his vote in a certain manner." The pertinent statute concerning the personal liability of councilmen of a municipal corporation is 11 O.S. 676 [11-676] (1971), which states that members of any city council who shall intentionally vote to appropriate money or to allow any bill or claim not authorized by law shall be personally liable to said city for the amount of such money appropriated, or bills or claims allowed, with costs of suit in an action before any court having competent jurisdiction. See Bowles v. Neeley,28 Okl. 556, 115 P. 344 (1911), where the court in its opinion quoted the above statute in a case involving city councilmen, who, acting through the mayor, awarded a contract acting upon a bid which exceeded a limitation set by the city engineer as required by law and further was not the lowest bid as required for acceptance. See Martin v. Schuermeyer, 30 Okl. 735, 121 P. 248 (1912), where persons constituting the council of the city and sitting as a council, by motion elected an attorney special city counselor to bring suit to reinstate them and other city officers into offices occupied by others, and in the motion embodied a resolution to pay the attorney $400 if he won the suit and to assess the persons passing the resolution $200 to pay him if he lost. They were endeavoring to contract for the city and the attorney could not recover his fee from them individually even though they were without authority to bind the corporation. Both Corpus Juris Secundum at 62 C.J.S. 545 and Am.Jur.2d at 56 Am.Jur.2d 284 state the general rule of law concerning the issue regarding personal liability of city councilmen. They state that ordinarily a municipal officer is not liable to an individual for damages resulting from his acts within the scope of his public and official authority, especially where the acts are discretionary, i.e. a judicial, quasi-judicial or legislative capacity. The councilman may be liable where he acts maliciously or without authority or from misfeasance of a ministerial duty. In regard to the charter form of government, 62 C.J.S. 545 states that although the charter of a city or town is a local act it is not an act of a private character so as to deprive the city officers of their public character and consequent immunities which the law confers upon them, except where they act with malice or evil intent. As regards legislative acts, C.J.S. states that municipal officers are not liable in the absence of fraud or a statute providing for liability. See Berg v. Willibey,138 Okl. 110, 280 P. 456 (1929). This case stated that the officers of a municipal corporation are not liable for errors or mistakes of judgment in the performance of acts within the scope of their authority as to which they are empowered to exercise judgment and discretion in the manner of performance in the absence of malice or corruption or a statutory provision imposing liability. As for a remedy in the form of a writ of mandamus, the law will not permit the use of a writ of mandamus to control an officer in the performance of duties requiring the exercise of judgment except when it is alleged and shown that such officer acts arbitrarily or fraudulently; in such case the writ may issue. See Dunham v. Ardery, 43 Okl. 619, 143 P. 331
(1914). See also Baxley x. Frederick, 133 Okl. 84,271 P. 257 (1928), where the court stated that if the statute was valid on its face it could not consider the motives of the municipal authority. See Hoffman v. City of Stillwater,461 P.2d 944 (1969). 52 Am.Jur.2d 160 states that a writ of mandamus will be issued only to enforce ministerial acts of municipal officers. See Oklahoma City v. Excise Board of Oklahoma County, 193 Okl. 189, 141 P.2d 805
(1943). It is the opinion of the Attorney General that your question be answered in the following manner. A city councilman may not be held liable for damages based upon the way in which he votes upon a particular matter in the absence of fraud or corruption, or unless he acts without authority of law. 11 O.S. 676 [11-676] (1971). A writ of mandamus is not available as a remedy to compel a city councilman to perform any particular action unless the act required of the city councilman is one of a purely ministerial nature which is imposed upon him by law and which does not require the exercise of any discretion upon his part. (Odie A. Nance)