Billy J. TRUITT, Administrator of the Estate of Randall Truitt, Appellant,

v.

J. H. DIGGS; Harold D. Merideth; Doc F. Wadley; Robert Buff; Harry Thomas; Ron Gamble; Paul English; Pat Potts; Armand Start; C. B. McCray; Floyd Donwerth; Dene Brown; Freddye Williams; and Arthur Young and Company, a limited partnership, Appellees.

No. 50042.

Supreme Court of Oklahoma.

April 8, 1980.

Rehearing Denied June 16, 1980.

John M. Merritt, Oklahoma City, for appellant.

Ronald L. Day of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for appellees, Harold D. Merideth and J. H. Diggs.

Jernigan, Groves, Bleakley & Hood by William P. Bleakley and Eric J. Groves, Oklahoma City, for appellees, Doc F. Wad-

ley, Robert Buff, Harry Thomas, Ron Gamble, Paul English, Pat Potts, Armand Start, C. B. McCray, Floyd Donwerth, Dene Brown, and Freddye Williams.

McAfee, Taft, Mark, Bond, Rucks & Woodruff by Judson S. Woodruff and James F. Maddox, Oklahoma City, for appellee, Arthur Young and Company.

BARNES, Justice:

The sole question before us is whether a petition filed in a wrongful death action stated a cause of action. The action was brought by the Administrator of the Estate of Randall Truitt, a student at U.S. Grant High School in Oklahoma City, who was shot and killed by a fellow student, James Briggs. The unfortunate incident took place on the school grounds during regular school hours as the alleged result of growing tension between a group of black students and a group of white students. The Administrator of the deceased student's estate brought this action in the District Court of Oklahoma County, naming the following as defendants:

1. The School Principal, J. H. Diggs;
2. The School Vice President, Harold D. Merideth;
3. The Members of the Oklahoma City Board of Education, Paul English, Pat Potts, C. B. McCray, Armand Start, Freddye Williams, Floyd Donwerth, and Dene Brown;
4. The Chief of Security of the Oklahoma City Public School System, Doc F. Wadley;
5. Three Security Guards, Robert Buff, Harry Thomas, and Ron Gamble;
6. A limited partnership, which conducted a management study and made recommendations as to the necessity and adequacy of existing and future security systems within the Oklahoma City School System, Arthur Young and Company.

All defendants filed demurrers to the petition, and their demurrers were, despite several amendments by the plaintiff, sustained, and the case was ultimately dismissed by the Trial Judge, due to plaintiff's failure to state a cause of action against any of the defendants.

Plaintiff has appealed from the dismissal of the case, arguing that he has in fact stated a cause of action against each of the defendants. The demurrers filed below were based upon two theories, failure to plead causation between any alleged negligence and the wrongful death, and failure to plead facts sufficient to demonstrate that the protection offered by the doctrine of sovereign immunity was waived or forfeited.

I.

Appellant agrees that the School District enjoys governmental immunity from prosecution in the suit, but argues that the individual members of the School Board, and the other employees and agents of the School Board involved, are individually liable and not protected from suit under the facts set forth in the petition, for the facts alleged show that employees and officers of the School Board were guilty of willful and wanton negligence. In making this argument, Appellant relies upon *Hazlett v. Board of County Commissioners of Muskogee County, 168 Okl. 290, 32 P.2d 940 (1934).*

In *Hazlett*, in considering the sufficiency of the petition filed against the Board of County Commissioners, we held that the facts alleged were sufficient to state a cause of action against the Commissioners individually, as the facts alleged were sufficient to charge want of good faith on the part of the defendant. The allegations in that case were that the defendant had knowingly employed a reckless driver and required him to drive a school bus which was known to be defective.

In the case before us, the plaintiff alleges that the various members of the School Board, the Principal, Vice Principal, Head of Security, and the Security officers failed to provide proper security and crowd control at U.S. Grant High School, and their failure to provide adequate security measures brought about the untimely death of young Randall Truitt. In specific terms the

plaintiff alleges that the defendants failed to request additional assistance from the Oklahoma City Police Department, and that the Public School System failed to warn the students and their parents of the impending danger, took inadequate steps to control disturbances at the school, failed to properly instruct their employees, and failed to supervise them.

Additionally, in an amendment to his first amended petition, the plaintiff sought to mirror the pleadings in the *Hazlett* case cited above. He did so by alleging as follows:

"That the security measures were wholly inadequate, outdated and insufficient; and that the defendants, the individual members of the Board of Education, knew of the careless and reckless manner in which such security measures were being administered and knowing of the reckless manner in which the security of said school was being administered by defendants' security personnel referred to above, said members of said board continued said employees in their employ and permitted them to continue the use of such defective security measures knowing that all students' lives were being placed in danger by such actions.

"That said defendants, the individual members of the Board of Education, are personally liable for the injuries caused plaintiff by reason of the fact that they willfully, carelessly and negligently neglected the duties of their office in that knowing of the defective security measures being used by said security personnel, they continued such inadequate security measures in force and effect and continued to permit such reckless security personnel to administer such security programs."

The gravamen of plaintiff's allegation is that the Oklahoma City School Board, its agents and employees, provided inadequate security. The characterizing of this failure as reckless and wanton does not make it so, for such are conclusions and not facts. Although the allegations in the petition give rise to a cause of action in negligence, the negligence alleged is not sufficient to deprive the School Board Members and the Board's agents and employees of the limited protection from suit afforded them. In so holding, we note that the failures alleged in the case before us are vastly different from the failures alleged in the *Hazlett* case. In *Hazlett*, the *facts* alleged were that the School Board and its members knew that the school bus was defective and needed repair, and also knew of the reckless driving history of the driver, yet continued to employ the driver and required him to drive the bus which was in grave need of repair.

■ Clearly, any reasonable person knowing of the reckless driving history and the condition of the bus would not have allowed the practices alleged in *Hazlett* to continue. However, in the case before us, the decisions which the School Board and its agents and employees were called upon to make were not so clear-cut. A great deal of discretion is involved in determining what security measures are needed. Is the School Board to be held as acting in bad faith and therefore liable because it thought three guards would be sufficient, if a jury finds that four were needed and not three, or are Board Members to be held individually liable if they determine that twenty hours of instruction is sufficient, when the jury believes that twenty-four is? We think not. The decisions required to be made by the School Board and its employees and agents called for legitimate judgment calls. The *facts* plead, as opposed to conclusions, do not indicate that the Board or its agents or employees were acting in bad faith, or acted in a willful and wanton way. Accordingly, we hold that the *facts* alleged did not state a cause of action against them. Therefore, we must affirm the trial court's sustaining of the demurrers and dismissal of the action, insofar as it pertained to the School Board, Members of the School Board, the Principal and Vice Principal, the Chief of Security and the security personnel.

## II.

The limited protection from suit afforded the Board's agents and employees did not,

however, protect the independent contractor hired to perform the management study and survey, and to make recommendations as to the necessity of and the adequacy of the existing and future security systems, programs and procedures, in the Oklahoma City School System. The limited partnership that performed the study, Arthur Young and Company, attacked the sufficiency of the petition, based upon its failure to state sufficient facts to show that any negligence alleged on the part of the partnership was the proximate cause of Randall Truitt's death.

After alleging that Arthur Young and Company had taken on the responsibility of making the management study and survey and of making recommendations as to the necessity and adequacy of the School System's safety programs and procedures, the plaintiff alleges that in conducting the study and making such recommendations, Arthur Young and Company failed to make a study of the security systems employed in other school systems where court-ordered busing was in effect, and failed to study the security systems which were prevalent, which, by experience, were proved to be necessary in similar situations in public schools. Plaintiff further alleged that Arthur Young and Company made recommendations to the School Board which were acted upon by the School Board, and which, because of the potential tension caused by the court-ordered busing, resulted in injury such as the one complained of. In making these allegations, the plaintiff further alleged that Arthur Young and Company violated the existing customs and usages which were prevalent in the industry by failing to study the number of instances of violence, riots, and/or disturbances which were prevalent in the Oklahoma City School System. Plaintiff also alleges that if such facts had been studied and considered, any reasonable person would have recommended the implementation of greater security procedures rather than recommending, as Arthur Young did, phasing out much of the security at Oklahoma City schools.

Arthur Young argues that such allegations fail (1) to establish a duty toward the decedent in this case, and (2) fail to establish a causal connection between any alleged negligence on its part and the death of Randall Truitt.

Although under the traditional rule at common law, privity of contract was required before a cause of action in tort could arise from a breach of a duty created by contract, such a restriction in cases involving physical injury to third persons has in many instances been eliminated or modified.[1]

Section 324A of the Restatement of Torts 2d provides that:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if (a) his failure to exercise reasonable care increases the risk of such harm, or (b) his undertaking to perform a duty owed by the other to the third person, or (c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

In the case before us, it is alleged that Arthur Young and Company undertook to make the management study and make recommendations as to the necessity of present and future security measures at the Oklahoma City schools. It is further alleged that the recommendations made by Arthur Young and Company were to limit or curtail the security provided by Oklahoma City schools, and that such recommendations were made negligently, as they were based on incomplete information, and were made in a way not consistent with common practices in the trade. It is further alleged that Arthur Young and Company knew that its

1. See 59 A.L.R.2d 1081, 1084, which discusses the liability of architects for personal injury or death from improper plans or designs.

recommendations would most likely be acted upon by the School Board, and in fact were relied upon.

The allegations before us may be fairly read as showing that Arthur Young and Company's failure to exercise reasonable care increased the risk of harm to the plaintiff. This being the case, the allegations, if not defective for other reasons, would be sufficient to establish liability. The allegations are, however, defective for other reasons, and thus did not state a cause of action against Arthur Young.

Although the plaintiffs allege that Arthur Young and Company would have made different recommendations had it conducted a proper study, these allegations are conclusional in nature and not factual. Nowhere in the petition are we told what recommendations were made by Arthur Young, nor does the petition indicate what action was taken by the School Board in reliance upon Arthur Young, which might have increased the risk of harm to the plaintiff. In short, the plaintiff has failed to allege *facts* sufficient to state a cause of action. While it is certainly conceivable that a failure to make a proper study could result in recommendations which could have increased the harm to the plaintiff, we are not free to conjure up such possibilities, but must rely upon the facts alleged. As there were no factual allegations, we must hold that the petition failed to state a cause of action against Arthur Young and Company.

For the above stated reasons, we hold that the trial court committed no reversible error in sustaining the demurrers and dismissing the causes of action against all named defendants.

AFFIRMED.

LAVENDER, C. J., IRWIN, V. C. J., and WILLIAMS, HODGES, HARGRAVE and OPALA, JJ., concur.

SIMMS and DOOLIN, JJ., dissent.