Patrick WILLIAMS, C.E. "Chuck" Williams, and June Williams, Appellants,

v.

CITY OF WARR ACRES, Oklahoma, Darrell Downs, Police Chief of the City of Warr Acres, Sgt. Robert E. Carr, Warr Acres Police Dept., Metro Wrecker Service, Bethany Motor Co., Charles W. Ferguson, Mayor of the City of Warr Acres, Oklahoma, Appellees.

No. 58935.

Supreme Court of Oklahoma.

Feb. 5, 1985.

---

Howard B. Austin, Joseph W. Greggs, Oklahoma City, for appellants.

Eric J. Groves, Groves, Bleakley, & Tague, Oklahoma City, for appellees.

ALMA WILSON, Justice.

Appellants contend they are collectors of antique and old classic cars. On February 2, 1980, six cars were parked on the front lawn of Appellants' residence located within the Warr Acres city limits. Only one of the cars was fully operable; the other five were in various stages of disrepair. On that date, Officer Jones of the Warr Acres police department delivered notices (one for each car) to Appellants to remove the cars, pursuant to Section 10.84.010 of the City Code, which in pertinent part provides:

A. No person in charge or control of any property within the city, whether as owner, tenant, occupant, lessee or otherwise, shall allow any abandoned, partially dismantled, nonoperating, wrecked, junked or discarded vehicle to remain on such property.

B. The owner, tenant, occupant, lessee, or otherwise of any vehicle as provided in this section shall first be given ten days' notice in writing to remove such dismantled, nonoperating, abandoned, wrecked, junked or discarded vehicle from their property.

C. If such owner, tenant, occupant, lessee, or otherwise allows such vehicle to remain on the property longer than seventy-two hours after the expiration of the ten day notice, the chief of police or other officer shall cause the vehicle to be impounded as provided in this title, or enforce the penalty provision as provided in Section 10.84.020.

The penalty provision, Section 10.84.020, states that "any person violating any of the provisions of this chapter is guilty of an offense and upon conviction thereof shall be punished by a fine not exceeding eighteen dollars and two dollars costs for each offense."

On February 23, 1980, Sergeant Carr checked the Williams' residence to see if the cars had been removed. After he found five cars still on the premises, he called a wrecker service to impound them. Appellants filed claims with the City of Warr Acres on March 11, 1980, seeking the value of the vehicles impounded, plus dam-

ages for purported deprivation of property without due process of law and alleged violation of constitutional and statutory rights. These claims were denied by the city.

On October 14, 1980, Appellants filed this lawsuit against the City of Warr Acres, the police chief, the mayor, Sergeant Carr, and the wrecker service for the recovery of damages. They asked for the value of the vehicles ($16,000), general damages to each of the three plaintiffs ($150,000) and punitive damages ($100,000).

The vehicles were returned to Appellants on September 16, 1981. The trial court granted Summary Judgment for Appellees on July 8, 1982, on the basis of § 5(4) and (9) of the Political Subdivision Tort Claims Act. Title 51 O.S. 1981 § 155 provides in part as follows:

> *A political subdivision or an employee acting within the scope of his employment shall not be liable if the loss results from:*

> .       .       .       .       .

> (4) Adoption or enforcement of or failure to adopt or enforce a law, whether valid or invalid, including, but not limited to any charter provision, ordinance, resolution, rule, regulation or written policy;

> .       .       .       .       .

> (9) Entry upon any property where that entry is expressly or impliedly authorized by law; ...

In consideration of Section 155, we do not find a substantial controversy as to any material fact relevant to a claim of tort liability against the City of Warr Acres and its employees under the Political Subdivision Tort Claims Act. The parties on both sides agree that the Appellees are all either an Oklahoma political subdivision, employees of such a subdivision, or their agents. They also agree that the employees of the City of Warr Acres, in doing the acts complained of, were attempting to enforce an ordinance enacted by the City of Warr Acres. Under the express terms of the Act, the constitutional validity of the ordinance is not here an issue. Nor do we

think that appellants' stated facts sufficient to raise an issue upon which reasonable minds could disagree as to any wanton and wilful conduct by Appellees which under *Hazlett v. Board of County Commissioners,* 32 P.2d 940 (Okl.1934), would place them outside the protection of the Act.

There being no substantial controversy as to any material fact in this case, the trial court's summary judgment was correct. AFFIRMED.

SIMMS, C.J., DOOLIN, V.C.J., and HODGES, LAVENDER, HARGRAVE and OPALA, JJ., concur.

KAUGER, J., dissents.