**Ricardous Esco Lejuane RANDELL, Appellant,**

v.

**TULSA INDEPENDENT SCHOOL DISTRICT NO. 1, Appellee,**

**and**

**David DeVille, Individually and as Assistant Principal of McLain High School, Defendant.**

**No. 82,475.**

Court of Appeals of Oklahoma, Division No. 1.

Nov. 8, 1994.

Certiorari Denied Jan. 24, 1995.

---

Randal D. Morley, Donna J. Priore, Tulsa, for appellant.

J. Douglas Mann, Jerry A. Richardson, Tulsa, for appellee.

## MEMORANDUM OPINION

CARL B. JONES, Judge:

Plaintiff/Appellant, Ricardous Esco Lejuane Randell, appeals an order granting summary judgment to Defendant/Appellee, Tulsa Independent School District No. 1. The trial court found Appellee School District exempt from Appellant's claims by virtue of statutory exemptions from liability in the Governmental Tort Claims Act, 51 O.S. § 155(1), (2), (4), (5), (6) and (28).[1]

School District set out numerous "undisputed material facts" in its Motion for Summary Judgment. Most were not disputed by Appellant. Appellant also set out additional facts which he contended were in dispute and which should preclude summary judgment.

Relevant to this discussion are the following undisputed facts: Appellant was a student at Tulsa McLain High School on November 27, 1991. While eating lunch in the school cafeteria, another student, Damian Wallace, told Appellant he was going to take his money. Appellant ignored him and did not report the incident. After lunch, Appellant went to his locker to get his books for class. While there, Appellant was confronted by Damian Wallace and two other students. After a brief verbal exchange the three other students physically attacked Appellant, hitting and kicking him. The assistant principal, David DeVille, arrived shortly and broke up the fight, getting between the attackers and the Appellant, holding Appellant behind him with his arm. At this point the fight was over and Appellant was uninjured.

The participants in the fight were being questioned when the bell rang and students began coming into the hall. A student, not involved in the original fight, Antonio Thompson, moved through the students in the hall and came up behind Appellant, who was still standing behind the assistant principal. Antonio Thompson then hit Appellant in the eye. Appellant did not see the punch

coming from Antonio Thompson and was surprised that someone had come out of the crowd and hit him. Appellant had not expected someone else to attack him, and he had not seen Antonio Thompson approaching him. Before Antonio Thompson hit Appellant, school officials had secured Appellant from everyone known to be involved in the fight. The assistant principal also did not see Antonio Thompson hit Appellant. The blow was not struck by anyone the assistant principal had viewed as a participant in the fight. He was surprised and had not seen any indication that anyone else was involved. At the time of this incident there were three security guards patrolling McLain High School. The assistant principal also provided security and regularly patrolled an area of the school during lunch period.

Appellant was taken to the school nurse because he was bleeding from a cut above his eye. Appellant's mother was called and was advised of Appellant's injury. She arrived at school about an hour later and took Appellant to the doctor. Appellant alleges he has lost vision in his injured eye.

Appellant's specific allegations of negligence are that the School District failed to spend all the money available to it for security; did not have an adequate policy for dispersing crowds; did not have or enforce adequate supervision policies to remove students who were known threats; did not have or enforce policies to report student criminal acts to the police; did not have an adequate policy for identifying and dealing with gang members; failed to have surveillance cameras; and failed to act reasonably and prudently. It was also alleged that the assistant principal failed to adequately protect Appellant after intervening and failed to remove Appellant from the hallway quick enough to a place of greater safety. Appellant also contends that a material fact question exists as to whether Appellant received adequate medical attention at school for his injury.

### GOVERNMENTAL TORT CLAIMS
### ACT EXEMPTIONS

■ Only one of the several tort claims act exemptions raised as defenses is applicable

---

1. Appellant's claims against DeVille were dismissed. Any claim against him individually is

not before us in this appeal.

hereto. Section 155(5) provides that there shall be no liability if the loss or claim results from:

"Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;"

This section is dispositive of those claims with the exception of the allegations of negligence against the assistant principal and the failure to provide adequate medical attention. The other claims each involved the school's inadequate security policies.

■ Protected discretionary functions include the policy making and planning decisions, although not negligent performance of the policy. *Nguyen v. State,* 788 P.2d 962, 964–965 (Okla.1990); *McLin v. Trimble,* 795 P.2d 1035, 1041, n. 5 (Okla.1990). In *Truitt v. Diggs,* 611 P.2d 633 (Okla.1980), the Supreme Court acknowledged that a great deal of discretion is involved in determining what security measures might be needed for a school.

"Is the School Board to be held as acting in bad faith and therefore liable because it thought three guards would be sufficient, if a jury finds that four were needed and not three, ...? We think not. The decisions required to be made by the School Board and its employees and agents called for legitimate judgment calls."

Id. at 635. The decisions of the School District regarding security at McLain High School were discretionary acts for which no liability can be imposed.

## SUPERVENING CAUSE

Appellant's claims that the assistant principal was negligent in failing to protect Appellant from further attack by not taking him to another room in the school and in failing to anticipate the second attack when the hallway became crowded with students, can also be dealt with together. We view the second attack, the "sucker punch" of Antonio Thompson, as the efficient, independent cause of Appellant's injury.

■ In other words, even if it could be said that the assistant principal was negligent in the ways alleged, the sucker punch was a "supervening cause" which broke any causal nexus between any negligence of the assistant principal and Appellant's injury. A supervening cause must meet three requirements: (1) It must be independent of the original act of negligence; (2) it must be adequate of itself to bring about the result; and, (3) it must not have been reasonably foreseeable. *Minor v. Zidell Trust,* 618 P.2d 392, 394 (Okla.1980); *Thompson v. Presbyterian Hospital, Inc.,* 652 P.2d 260, 264 (Okla. 1982); *Graham v. Keuchel,* 847 P.2d 342, 348 (Okla.1993).

■ The first two requirements are obviously met and need no further discussion. As to the third requirement, the "facts" presented to the trial court and to which we are limited in our review, are devoid of any evidence from which it could be inferred that the assistant principal should reasonably have foreseen that an assailant, unseen by anyone in the crowded hallway, who was neither involved in, nor present at the original attack, would sneak up behind Appellant and "ambush" him. At worst, the assistant principal's actions created a situation that presented the opportunity for Antonio Thompson's deliberate and criminal attack. In that event, a third person's intentional tort is a supervening cause of the harm that results—unless the assistant principal should have realized the likelihood of the third person's attack. *Graham,* supra, at 349. The undisputed material facts here raise only one inference—that it was not reasonably foreseeable to the assistant principal that Appellant, while standing behind him, was still subject to attack, after the original attack had been controlled, by a third party in the hall who was not present at the original attack. As in *Minor v. Zidell Trust,* the trial court properly granted summary judgment.

## INADEQUATE MEDICAL TREATMENT

■ The final issue to consider is the allegation of inadequate treatment. The undis-

puted facts, however, did not tend to prove any negligent act or omission. Appellant was taken to the school nurse after the fight. Gauze was applied to the cut above his eye. That eye was watery and his vision in it was blurry. Appellant's mother was called and she came and picked up her son and took him to a doctor.

There were not facts presented that anything school officials did, or failed to do for Appellant's injury was improper or inadequate. No facts were presented as to what school officials should have done differently. From those facts presented one can only speculate that something different should have been done.

Conclusions and speculations simply do not meet the requirements of Rule 13, Rules for District Courts of Oklahoma, 12 O.S. Ch. 2, App., which obligates the party opposing the motion for summary judgment to present facts, admissible in evidence, showing there to be a genuine factual dispute. The fact that Appellant lost vision in his eye in no way implies that he was negligently disregarded or improperly treated at school.

After reviewing the pleadings and evidentiary material submitted to the trial court and in view of all the proper inferences and conclusions that can be drawn therefrom in the light most favorable to Appellant, we find that no substantial controversy exists as to any material fact and the trial court's decision must be therefore affirmed. *Johnson v. Mid–South Sports, Inc.*, 806 P.2d 1107 (Okla. 1991).

AFFIRMED.

HANSEN, P.J. and ADAMS, J., concur.