1997 OK 105

**Kenny A. FRANKS, Individually and as father and next friend of Douglas W. Franks, a minor child, Appellee,**

v.

**UNION CITY PUBLIC SCHOOLS, Appellant.**

**No. 81841.**

Supreme Court of Oklahoma.

July 15, 1997.

---

20. *McGough v. Special Indemnity Fund*, 939 P.2d 1136 (1997), Rehearing denied 6/23/97.

Mark Lea "Beau" Cantrell, El Reno; Blake M. Bostwick, Oklahoma City; Patricia A. Kirch, Oklahoma City, for Appellant.

Peter A. Erdoes, David Kirk, Kirk, Erdoes, Watts & Contreras, P.C., Oklahoma City, for Appellee.

HARGRAVE, Justice.

¶1 Appeal from the District Court of Canadian County to Oklahoma Supreme Court, retained to review the granting of summary judgment. The issue addressed in this appeal is whether summary judgment was proper under the Governmental Tort Claims Act when a student was injured by another student during school hours on school property.

## SUMMARY OF FACTS AND PROCEDURAL HISTORY

¶2 At 11:50 a.m., March 3, 1992, Douglas Franks was standing by a vending machine in the activity room area of the Union City High School when he was struck in the face by another student. At the time of the assault, Union City Public School had a hall duty schedule for teachers which ran during the lunch hour from 12:15 to 12:35 p.m. The teacher, who was assigned lunch duty in that area, was not scheduled to go on duty until 12:15 p.m. At that same time, the principal was patrolling the school grounds, but was not in the area of the altercation. Plaintiff brought action against Union City Public Schools alleging that the school was negligent for failing to supervise the students. Union City Public Schools moved for summary judgment claiming that the Governmental Tort Claims Act, 51 O.S.1991, § 151, *et seq.*, exempted it from liability on two grounds. The school first argued that, under Title 51 O.S.1991, § 155(5), the decision on whether to provide security was a discretionary function, and thus, the school was exempt. Next, the school argued they were exempt from liability, under Title 51 O.S. 1991, § 155(6), for the manner in which it provided or failed to provide police protec-

tion. The Trial Court granted school's motion for summary judgment.

¶3 In the landmark case of *Vanderpool v. State*, 1983 OK 82, 672 P.2d 1153, this Court abrogated the judicially established doctrine of sovereign immunity, but left unaffected the power of the legislature to regulate governmental tort liability. In response to *Vanderpool*, the Oklahoma Legislature enacted the Governmental Tort Claims Act, 51 O.S.Supp.1984 § 151 [51–151], *et seq.* The Act both adopted the doctrine of sovereign immunity and waived that immunity "only to the extent and in the manner provided in" the Act. 51 O.S.Supp.1984 § 152.1 [51–152.1]. In limiting the waiver of sovereign immunity, the Legislature has to date carefully enumerated thirty-one exemptions from liability. 51 O.S.Supp.1994 § 155 [51–155]. As we noted in *Fuller v. Odom*, 1987 OK 64, 741 P.2d 449, 452, the Act is the exclusive remedy against a governmental entity in this State; the only recovery available in tort against a political subdivision must be found within the boundaries defined by the Act.

¶4 In the present case the appellant asserts that the school failed to properly supervise the students which resulted in the injuries sustained by Douglas W. Franks. The school counters by arguing that such an injury was tantamount to an assault, and thus, the school was exempt, under the Tort Claims Act[1], for the method of police or law enforcement. The school also argues that it is not liable as the assault amounted to a supervening cause. We find that summary judgment was proper in the present case.

¶5 Title 51 O.S.1991, § 155(5), provides that there shall be no liability if the loss or claim results from:

Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;

¶6 Protected discretionary functions include the policy making and planning decisions, although not negligent performance of the policy. *Nguyen v. State*, 1990 OK 21, 788 P.2d 962, 964–965; *McLin v. Trimble*, 1990 OK 74, 795 P.2d 1035, 1041, n. 5.

¶7 In *Truitt v. Briggs*, 1980 OK 57, 611 P.2d 633, a wrongful death action was brought against Oklahoma City Public Schools as the result of a fatal shooting of Randall Truitt by a fellow student at U.S. Grant High School. The plaintiff alleged that the School Board, the Principal, Vice-Principal, Head of Security, and the Security Officers failed to provide proper security and crowd control at the high school. The plaintiff argued that this failure to provide adequate security brought about the death of Truitt. This Court held:

A great deal of discretion is involved in determining what security measures are needed. Is the School Board to be held as acting in bad faith and therefore liable because it thought three guards would be sufficient, if a jury finds that four were needed and not three, or are the Board Members to be held individually liable if they determine that twenty-four is? We think not. The decisions required to be made by the School Board and its employees and agents called for legitimate judgment calls. 611 P.2d at 635.

¶8 In the present case, the School acted within the proper discretionary function in determining the type of supervision during the lunch period at the time of Appellant's injury. The school was not negligent in making and enforcing its hall duty policy by failing to provide supervision during the gap when the teacher was at lunch. Therefore, Union City Schools are exempt from liability, pursuant to 51 O.S.1991, § 155(5),

*   *   *   *   *   *

1. The School argues in the instant matter that it is exempt from suit under 51 O.S.1991, § 155 which reads in pertinent part:

The state or a political subdivision shall not be liable if a loss or claim results from:

(5) Performance of or the failure to exercise or perform any act or service which is in the discretion of the state or political subdivision or its employees;

for the manner in which they enforced the required policy.[2]

◼ ¶ 9 The School also argues that the assault on Mr. Franks was a supervening cause. A supervening cause must meet three requirements: (1) It must be independent of the original act of negligence; (2) it must be adequate of itself to bring about the result; and, (3) it must not have been reasonably foreseeable. *Miner v. Zidell Trust,* 1980 OK 144, 618 P.2d 392, 394; *Thompson v. Presbyterian Hospital, Inc.,* 1982 OK 87, 652 P.2d 260, 264; *Graham v. Keuchel,* 1993 OK 6, 847 P.2d 342, 348. The first two requirements are obviously met and need no further discussion. As to the third requirement, the "facts" presented to the trial court, and to which we are limited in our review, are devoid of any evidence from which it could be inferred that the School should reasonably have foreseen that the assailant would attack Appellant. Such attack was not foreseeable by the officials at the school. The unprovoked, one punch fight was independent of the lack of supervision. Therefore, the assault upon Appellant was a supervening cause and the school is relieved of liability, Therefore, summary judgment was proper.

**AFFIRMED.**

¶ 10 HODGES, LAVENDER, SIMMS, OPALA, ALMA WILSON and WATT, JJ., concur.

¶ 11 KAUGER, C.J., and SUMMERS, V.C.J., concur in result.

(6) Civil disobedience, riot, insurrection or rebellion or the failure to provide, or the method of providing police, law enforcement or fire protection;

2. 70 O.S.1991, § 6–114, provides in pertinent part:

The local board of education shall adopt a policy for the control and discipline of all children attending public school in that district. Such policy shall provide options for the methods of control and discipline of the students and shall define standards of conduct to which students are expected to conform.