1999 OK 5

Travis PRICHARD, Plaintiff/Appellant,

v.

The CITY OF OKLAHOMA CITY, a Municipal Corporation, Defendant/Appellee,

and

Dekovan Bowler, an Individual, Michael Dean Cooper, an Individual, and Ronnie Pisano, an Individual, Defendants.

No. 90,765.

Supreme Court of Oklahoma.

Jan. 26, 1999.

Kurt K. Hoffman, Jed E. Penny, Tulsa, Oklahoma, For Appellant.

William O. West, Municipal Counselor, Richard N. Mann, Assistant Municipal Counselor, Oklahoma City, Oklahoma, For Appellee.

¶1  KAUGER, J.

¶2  The dispositive issue on certiorari is whether 51 O.S.1991 § 155(6)[1] provides immunity from liability when a police officer fails to provide appropriate medical care to those in police custody. Under these facts, we find that the City may not be immune from liability.

## ¶3  FACTS

¶4  It is undisputed that on June 10, 1995, Dekovan Bowler (Bowler), Michael Dean Cooper (Cooper), and the appellant, Travis Prichard (appellant/Prichard) began fighting at Bowler's rental property in Oklahoma City. During the fight, Bowler and/or Cooper injured Prichard's right jaw. Prichard escaped from Bowler and Cooper and hid in a nearby yard. While the fight was ongoing, neighbors in the vicinity called the police department. Oklahoma City Police Officer, Ronnie Pisano (Officer Pisano) responded to the call. When he arrived at the property, Bowler and Cooper asserted that when they encountered Prichard in the process of breaking into Bowler's rental property, the fight ensued.

¶5  After Officer Pisano located Prichard's hiding place, he arrested him. Subsequently, Officer Pisano noticed that Prichard's jaw appeared injured, and he transported Prichard directly to Presbyterian Hospital for treatment. According to emergency room records, x-rays revealed

that Prichard had a broken jaw, and he was given a prescription for pain. The report also reflected that the emergency room doctor explained to Officer Pisano that Prichard should be taken to the Oral Surgery Clinic at Oklahoma Memorial Hospital as soon as possible for additional treatment of the broken jaw.

¶6  Instead of taking Prichard to the Oral Surgery Clinic, Officer Pisano transported Prichard directly to the Oklahoma City jail where he was booked for public drunkenness and attempted burglary. Prichard remained in jail until June 13, 1995, three days later. Upon his release, Prichard immediately reported to the Maxillofacial Surgery Unit of Oklahoma Memorial Hospital for treatment. According to Prichard, as a result of the delay in treatment, he was forced to undergo a more severe surgery which included the rebreaking of his jaw. He also alleges that he suffered irreparable nerve loss to his jaw and face.

¶7  Thereafter, Prichard sued: Bowler and Cooper for breaking his jaw; Officer Pisano, individually, for negligently refusing to follow the instructions of emergency room doctors and transporting Prichard to jail, rather than to the hospital; and the City of Oklahoma City as the employer of Officer Pisano. The City moved for summary judgment, arguing that the Governmental Tort Claims Act (the Act), 51 O.S.1991 § 155(6) exempted it from liability.[2] The trial court entered summary judgment for the City and against Prichard, finding that the City was exempt from liability pursuant to § 155(6).[3]

¶8  Prichard appealed, and the Court of Civil Appeals affirmed, relying on *Schmidt v. Grady County, Oklahoma*, 1997 OK 92, 943 P.2d 595.[4] We granted certiorari on November 30th, 1998.

---

1.  Title 51 O.S.1991 § 155(6) provides in pertinent part:
    "The state or a political subdivision shall not be liable if a loss or claim results from:
    . . .
    Civil disobedience, riot insurrection or rebellion or the failure to provide, or the method of providing, police, law enforcement or fire protection; . . ."
    (This section was amended in 1994; however, because the pertinent parts remain unchanged, references will be to the 1991 version of the statute.)

2.  *Id.*

3.  Because there were multiple parties involved, the trial court, pursuant to 12 O.S. Supp.1995 § 994, expressly determined that the final order affected only the City of Oklahoma City and that there was no just reason for delay in dismissing the City.

4.  The Court of Civil Appeals also found that the City was entitled to immunity under § 155(24) of the Act for any claims arising from the time the

## ¶ 9  THE CITY MAY NOT BE IMMUNE FROM LIABILITY.

¶ 10   Prichard asserts that: 1) municipalities, through their police officers have both a statutory and common law duty to provide medical care to an arrestee; 2) the police officer's failure to provide medical care to Prichard was a breach of that duty; and 3) the City is subject to liability for the negligence of its police officer.  The City does not dispute that it has a duty to provide appropriate medical care to an arrestee.  Rather, it argues that 51 O.S.1991 § 155(6)[5] exempts it from liability for negligence *regardless* of duty or causation because the police officer was acting in his law enforcement capacity.  Although the material facts are undisputed, the question presented is whether these facts might give rise to liability.

¶ 11   The Governmental Tort Claims Act, 51 O.S.1991 § 151 et seq. is the legislative abrogation of sovereign immunity.[6]  The Act provides the manner and extent sovereign immunity is waived.[7]  Although liability is the rule and immunity from liability is the exception,[8] § 155 of the Act enumerates thirty-one specific exemptions from liability.[9] One exception to liability is 51 O.S.1991 § 155(6) of the Act which provides in pertinent part:

> "The state or a political subdivision shall not be liable if a loss or claim results from:
>
> . . .
>
> Civil disobedience, riot insurrection or rebellion or the failure to provide, or the

method of providing, police, law enforcement or fire protection; . . ."

¶ 12   The City relies on our decision in *Schmidt v. Grady County*, 1997 OK 92, 943 P.2d 595, in which this Court interpreted § 155(6), to support its argument that it is exempt from liability.  While we agree that *Schmidt* is instructive, it is not dispositive. *Schmidt* involved a negligence action brought by a woman who, while being taken into protective custody by the Deputy Sheriff, either jumped or fell from the Sheriff's patrol vehicle.  The County, as the employer of the Sheriff, like the City here, claimed immunity from liability pursuant to § 155(6).  The parties in *Schmidt* disputed whether the immunity granted by § 155(6) applied to suits for *any* negligence or whether it was strictly *limited to decisions regarding how police protection should be provided.*  The majority of this Court rejected *either* interpretation stating that:

> "We reject both the county's and the plaintiff's proposed interpretation of subsection 155(6).  As to the county's argument, we refuse to read the Governmental Tort Claims Act so broadly.  However, we have held that a municipality is not liable for the acts of its employees who act outside the scope of their employment. *Nail v. City of Henryetta*, 1996 OK 12, 911 P.2d 914."

¶ 13   Our holding in *Schmidt* mandates that § 155(6) not be construed so broadly as to act as a complete bar to liability under any

---

appellant was incarcerated at the City's jail.  Title 51 O.S.1991 § 155(24) provides:

"Provision, equipping, operation or maintenance of any prison, jail or correctional facility, or injuries resulting from the parole or escape of a prisoner or injuries by a prisoner to any other prisoner; provided, however, this provision shall not apply to claims from individuals not in the custody of the Department of Corrections based on accidents involving motor vehicles owned or operated by the Department of Corrections."

Prichard, in his petition, asserts that the City is liable because "one or more of its employees, without just and proper cause arrested the Plaintiff for public drunk directly after his being assaulted and failed to provide him proper medical attention."  The City asserted § 155(24) as a basis for immunity in its motion for summary judgment.  Because we find that the City is not exempt from liability for the police officer's ac-

tions and that summary judgment was improper, we need not determine whether § 155(24) applies after Prichard was taken to jail.

5.   Title 51 O.S.1991 § 155(6), see note 1, supra.

6.   *Calvert v. Tulsa Public Schools*, 1996 OK 106,-¶ 5, 932 P.2d 1087, 1088; *Anderson v. Eichner*, 1994 OK 136, ¶ 9, 890 P.2d 1329, 1336;

7.   Title 51 O.S.1991 § 152.1; *Franks v. Union City Public Schools*, 1997 OK 105, ¶ 3, 943 P.2d 611, 613.

8.   See, *Nelson v. Pollay*, 1996 OK 142, ¶ 11, 916 P.2d 1369, 1375; *Jackson v. City of Kansas*, 235 Kan. 278, 680 P.2d 877, 886 (Kan.1984) (Construing a tort claims act similar to Oklahoma's).

9.   Title 51 O.S.1991 § 155.

circumstances. In *Schmidt*, this Court recognized that, under the facts of that case, the police officer was "acting as a police officer in relation to the plaintiff" and was providing police protection to both the plaintiff and the public while she was injured. Therefore, the City was immune from liability pursuant to § 155(6).

¶ 14  Prichard was neither taken into custody for his own protection nor injured while in police custody, as was the plaintiff in *Schmidt*. Instead, he was injured prior to being taken into police custody. It was apparent to the police officer that Prichard was injured. A significant factor which also distinguishes Schmidt from this cause is the City of Oklahoma City Policy and Procedure No. 234.0. It provides that:

*"MEDICAL TREATMENT FOR PERSONS IN CUSTODY*

Whenever an arrested person requires medical attention, the officer's first priority is to ensure that the medical attention is received as rapidly as possible. Whether the injury was a result of the arrest or sustained prior to arrest, the name of the treating facility, attending physician and extent of injuries will be indicated on the offense report."

¶ 15  Oklahoma City police procedures recognize that a police officer's first priority is to ensure that when an arrestee is in need of medical attention, it is to be provided as soon as possible. The police officer took the initial steps of seeking medical attention by taking Prichard to the emergency room, but when he was advised that Prichard needed to be taken to Oklahoma Memorial Hospital for additional medical attention, he took Prichard to jail, where he remained for three days without medical treatment.

¶ 16  Under the facts presented, the gravamen of this cause of action is the failure to provide appropriate medical care. It is unrelated either to confinement or to the method of providing police protection. Once Prich-

ard was in police custody and the officer undertook the task of taking Prichard to the emergency room—unlike the circumstances in *Schmidt*—he was not "acting as a police officer in relation to" Prichard.

¶ 17  Here, the police officer's actions, were unrelated to the method of providing police protection to the public as referred to in § 155(6); nor do Prichard's claims result from either the failure to provide, or the method of providing police protection. Accordingly, we find that the failure to provide the appropriate medical care under these circumstances was not a part of the "method of providing ... police ... protection" as contemplated by § 155(6).

## ¶ 18  CONCLUSION

¶ 19  Even when basic facts are undisputed, motions for summary judgment should be denied, if under the evidence, reasonable persons might reach different conclusions from the undisputed facts. Summary judgement is proper only when the pleadings, affidavits, depositions, admissions or other evidentiary materials establish that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law.[10]

¶ 20  Prichard's claim against the City is not that the City caused his underlying injury as in *Schmidt*, but that he was deprived of necessary medical attention due to the negligence of its officer. To support an actionable claim for negligence, a plaintiff must establish the concurrent existence of: a duty on the part of the defendant to protect the plaintiff from injury; a failure of the defendant to perform that duty; and an injury to the plaintiff resulting from the failure of the defendant.[11] Although, the police officer's duty is not disputed, we express no opinion on the degree that the police officer's actions may have contributed to Prichard's injury. However, because reasonable people could differ on whether, and to what extent,

**10.** *Krokowski v. Henderson Nat'l Corp.*, 1996 OK 57, ¶ 8, 917 P.2d 8,11; *Carris v.John R. Thomas & Assoc.*, 1995 OK 33, ¶ 16, 896 P.2d 522, 530; *Roach v. Atlas Life Ins. Co.*, 1989 OK 27, ¶ 15, 769 P.2d 158, 163.

**11.** *Minie v. Hudson*, 1997 OK 26, ¶ 13, 934 P.2d 1082, 1087; *Krokowski v. Henderson Nat'l Corp.*, see note 10, supra at ¶ 9; *Grover v. Superior Welding, Inc.*, 1995 OK 14, ¶ 5, 893 P.2d 500, 502.

the police officer's actions may have contributed to Prichard's injury, the cause is remanded for proceedings consistent with this opinion.

**CERTIORARI PREVIOUSLY GRANTED; COURT OF CIVIL APPEALS OPINION VACATED; TRIAL COURT REVERSED AND CAUSE REMANDED.**

SUMMERS, C.J., LAVENDER, SIMMS, OPALA, WILSON, and WATT, J.J., concur.

HARGRAVE, V.C.J., concurs in part, dissents in part.

HODGES, J., not voting.

